**Mickey C. McCONNELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 64A04–8708–PC–239.

Court of Appeals of Indiana, Third District.

Aug. 18, 1988.

Mickey McConnell, Michigan City, pro se.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

In the present action Mickey C. McConnell is appealing the denial of his petition for post-conviction relief. McConnell was originally convicted of fraud, IND.CODE § 35–43–5–4 (Burns Repl.1979), and was sentenced to a term of four years. Additionally McConnell was adjudged to be a habitual offender and his sentence was enhanced by thirty years, for a total term of thirty-four years. This conviction was affirmed by the Indiana Supreme Court on direct appeal, *see McConnell v. State* (1982), Ind., 436 N.E.2d 1097.

McConnell's current, *pro se* action seeking post-conviction relief has had a tortuous procedural history, including two remands from this Court, in unpublished opinions, for additional proceeding at the trial level. Regardless of past difficulties, it appears that the issues have now stabilized, and the sole question presented for appellate review is whether sufficient evidence was introduced during the habitual offender phase of the trial to show that the predicate offenses occurred in the required sequence.

As McConnell recognizes, the quantum of proof needed to establish habitual offender status has been repeatedly stated as follows:

"To sustain a sentence under the habitual offender statute, the State must show that the defendant had been twice convicted and twice sentenced for felonies. The commission of the second offense must have been subsequent to the sentencing on the first offense, and the commission of the principal offense on which the enhanced punishment is being sought must be subsequent to the sentencing on the second conviction."

*Jordan v. State* (1987), Ind., 510 N.E.2d 655, 659.

In the present case McConnell argues that a reversal is mandated for the same reason as in *Clark v. State* (1985), Ind., 480 N.E.2d 555, where the State failed to prove the dates when the predicate offenses were committed.

During the habitual phase of McConnell's original trial, the State introduced evidence that tended to show that on June 1, 1972 McConnell was convicted and was given a four-year prison sentence for the crime of kidnapping in the U.S. District Court for the Western District of Wisconsin. The State also introduced evidence to the effect that on November 10, 1976 in Fulton County, Georgia, McConnell was convicted of a credit card theft that had been committed on July 10, 1976. Then, on November 12, 1976 he was sentenced to a term of four years.

This is clearly sufficient evidence to sustain the habitual offender finding. McConnell argues that the State was required to prove the dates of commission for each offense. On the contrary, analysis of the standard quoted above and a careful reading of *Clark v. State, supra,* reveals no such formal requirement. In order to establish that a defendant is a habitual offender the State is required to prove that the defendant committed two separate, distinct and unrelated felonies. To meet this

burden the State is, therefore, required to prove that the defendant committed the second felony after he was sentenced for the first offense. Obviously, under this standard, the date the first offense was committed is irrelevant, and in the present case the State did not err in failing to prove the fact.

There being no other issue argued, and no error presented, the trial court is affirmed.

Affirmed.

STATON and MILLER, JJ., concur.